|                                |     |                          |
|--------------------------------|-----|--------------------------|
| UNITED STATES OF AMERICA       | §   |                          |
|                                | §   |                          |
| *versus*                       | §   | CASE NO. 1:23-CR-111(1)  |
|                                | §   |                          |
| FRANCISCO MANUEL MAGDALENO     | §   |                          |

## MEMORANDUM AND ORDER

Pending before the court is the Government's Motion in Limine (#69). Defendant Francisco Manuel Magdaleno ("Magdaleno") filed a Notice of No Objections to Government's Motion in Limine (#74). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.   Background

On October 4, 2023, a grand jury in the Eastern District of Texas returned a five-count Indictment against Magdaleno and two codefendants,[1] charging Magdaleno in Count One with Conspiracy to Distribute or Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 846, in Count Two with Possession with Intent to Distribute 5 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1), and in Count Three with Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1).[2] This case is set for jury selection and trial on Monday, April 8, 2024.

---

[1] Magdaleno's codefendants are Kimberly Kendrick Beyer ("Beyer") and Michael Alan Davis (collectively, "codefendants").

[2] Magdaleno is not charged in Counts Four and Five. Count Four charges his codefendants with Possession with Intent to Distribute 5 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1), and Count Five charges his codefendants with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1).

II.   Analysis

A motion in limine "is not a definitive ruling on the admissibility of evidence." *Akins v. Riddell, Inc.*, No. 5:19-cv-121-RWS-CMS, 2022 WL 3337742, at *7 (E.D. Tex. May 10, 2022); *Thompson v. Hamp*, No. 3:14-CV-00274-NBB-RP, 2017 WL 1393589, at *1 (N.D. Miss. Apr. 18, 2017); *EVM Sys., LLC v. REX Med., L.P.*, No. 6:13-CV-184, 2015 WL 11112539, at *1 n.1 (E.D. Tex. Aug. 17, 2015); *Pact XPP Tech., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 2774971, at *1 (E.D. Tex. May 13, 2012); *accord Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (stating that "[a]ll rulings on motions in limine are preliminary evidentiary rulings [and are] not final" (citing *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3877291, at *1 (E.D. Tex. June 27, 2016))). Rather, an order granting a motion in limine is an order requiring the proponent of the evidence to approach the bench and seek leave of court prior to offering the disputed evidence at trial. *Cormier v. Ace Am. Ins. Co.*, No. 6:18-CV-01104, 2020 WL 5806528, at *1 n.1 (W.D. La. Sept. 28, 2020); *Pact XPP Tech., AG*, 2012 WL 2774971, at *1; *see Rojas v. Richardson*, 703 F.2d 186, 188 (5th Cir. 1983). The United States Court of Appeals for the Fifth Circuit has observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980); *see Rojas*, 703 F.2d at 189; *Credeur Tr. v. Liberty Mut. Ins. Co.*, 598 F. Supp. 3d 474, 476 (W.D. La. 2022); *Cormier*, 2020 WL 5806528, at *1; *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2019 WL 1296256, at *5 (N.D. Ala. Mar. 21, 2019). Nonetheless, they are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and

2

complex evidentiary issues. *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir.), *cert. denied sub nom*. *Horse v. United States*, 140 S. Ct. 196 (2019); *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir.), *cert. denied*, 535 U.S. 1119 (2002). Motion in limine rulings "are not binding on the trial judge, however, and the judge may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984) (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner); *United States v. Thornhill*, 940 F.3d 1114, 1121 (9th Cir. 2019); *see Jordan v. Maxfield & Oberton Holdings, L.L.C.*, 977 F.3d 412, 418 (5th Cir. 2020).

The Government's Motion in Limine contains eight requests. Magdaleno does not object to any of the Government's requests. Accordingly, the Government's requests are granted as unopposed. Magdaleno is prohibited from discussing, arguing, or offering any evidence about the matters set forth below without being granted leave of court outside the jury's presence:

1. Any reference or indication that the Government has filed its Motion in Limine or any other pre-trial motions in this case.

2. Any reference to plea offers or plea negotiations between the Government and Magdaleno.

3. Any reference to punishment or the possible consequences of conviction for Magdaleno.

4. Evidence or argument pertaining to jury nullification, including arguments designed to convince the jury to acquit not because the Government failed to prove the charged crimes, but rather because a guilty verdict would be contrary to one's sense of justice, morality, or fairness.

5. Evidence or argument about specific instances of Magdaleno's lawfulness or good conduct, including his status as a business owner and a "family man." If evidence of Magdaleno's character for lawfulness is presented, the evidence must be limited to reputation or opinion testimony with no specific instances on direct examination. In addition, if Magdaleno calls a character witness to testify about Magdaleno's general reputation, the Government may cross-examine the witness regarding specific instances of conduct that are inconsistent with

      the proffered character trait, ask the witness about facts of the present case, use evidence of bias to impeach the witness, and call its own character witnesses to offer evidence contrary to Magdaleno's character evidence.

6. Evidence of Magdaleno's hearsay statements, including his exculpatory statements to law enforcement or other participants, even if the Government introduces inculpatory statements made by Magdaleno.

7. Testimony or evidence of any alleged arrests, convictions, or criminal charges against the Government's witness, Beyer. If Magdaleno intends to present any such testimony or evidence regarding Beyer, Magdaleno's counsel must first approach the court outside the presence of the jury to determine the admissibility of the evidence.

8. Testimony or evidence of any alleged arrests, convictions, or criminal charges against the Government's witness, Ivan Martinez ("Martinez"), including Martinez's prior conviction for an immigration offense in 2006. If Magdaleno intends to present any testimony or evidence regarding other alleged arrests, convictions, or criminal charges against Martinez, Magdaleno's counsel must first approach the court outside the presence of the jury to determine the admissibility of the evidence.

III. <u>Conclusion</u>

Consistent with the foregoing analysis, the Government's Motion in Limine (#69) is GRANTED.

SIGNED at Beaumont, Texas, this 3rd day of April, 2024.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

4